# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHANTE HAMMONDS,** | : | |
| | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:20-657 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| **ROBERT AIGELDINGER,** | : | |
| | : | |
| **Defendant** | | |

# **M E M O R A N D U M**

In her Amended Complaint, filed September 23, 2020, Plaintiff Chante Hammonds asserted three claims against Defendants, the Commonwealth of Pennsylvania, the Pennsylvania State Police ("PSP"), hereinafter "Commonwealth Defendants", and Robert Aigeldinger, a PSP Motor Carrier Enforcement Officer during the relevant times of this case. (Doc. 15). Plaintiff alleged that Aigeldinger forced her to perform a sexual act on him in order to pass her tractor trailer for inspection and she raised claims for civil rights violations under 42 U.S.C. §1983 against all Defendants. Specifically, in Count I, Plaintiff alleged that Commonwealth Defendants violated her rights under the Fourth and Fourteenth Amendments, and "also her rights to personal security, freedom from assault and battery, sexual assault, sexual abuse, false imprisonment, the application of excessive force and to due process of law." Plaintiff alleged that Aigeldinger, acting within the scope of

1

his employment with the PSP, violated her rights "to be secure in her person and free from unreasonable force, sexual assault, sexual abuse and false imprisonment." In Count II, Plaintiff raised claims against the Commonwealth Defendants under the 14th Amendment for failing to implement policies and procedures, and for failing to properly train and supervise all PSP personnel, particularly members of the Commercial Vehicle Safety Division. In the two federal law claims, Counts I and II, Plaintiff seeks compensatory damages as relief as well as punitive damages and attorney's fees under 42 U.S.C. §1988. In Count III, Plaintiff raised state law claims against all three Defendants for official oppression, threat of an official act, and false imprisonment. As relief for her state law claims, Plaintiff seeks compensatory and punitive damages as well as attorney's fees. (Doc. 15, ¶¶ 47, 57, 63-65).

In addition to monetary relief, Plaintiff sought a declaratory judgment for the court to "declare that the [past] actions of the Defendants were in violation of the [stated] laws."[1] (Doc. 15, ¶ 66).

---

[1]The court notes that Plaintiff's claim for declaratory relief must be dismissed, as she does not allege that she will be subjected to the alleged conduct by the remaining Defendant in the future. The Third Circuit has held that "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct," and is not "meant simply to proclaim that one party is liable to another." Corliss v. O'Brien, 200 Fed.Appx. 80, 84 (3d Cir. 2006); see also, Brown v. Fauver, 819 F.2d 395, 400 (3d. Cir. 1987) (holding plaintiff in a 1983 action lacks standing to pursue declaratory relief where plaintiff "has done nothing more than allege past exposure to unconstitutional state action."); Blakeney v. Marsico, 340 Fed.Appx. 778, 780 (3d Cir. 2009) (holding that "even if defendants violated [plaintiff's] rights in the past as he alleges, he is not entitled to a declaration to that effect."); O'Callaghan v.

On October 7, 2020, Commonwealth Defendants filed a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 18). These Defendants submitted a brief in support thereof on October 21, 2020. (Doc. 21).

On December 28, 2020, Defendant Aigeldinger filed a motion to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6), and submitted a brief in support thereof on January 10, 2021. (Docs. 28 & 29).

On January 13, 2021, Plaintiff filed a stipulation, pursuant to Fed.R.Civ.P. 41(a)(1)(A), voluntarily dismissing, with prejudice, her claims against Defendants Commonwealth of Pennsylvania and PSP. (Doc. 30). Defendants Commonwealth of Pennsylvania and PSP were then terminated as parties in this action. No doubt that "the Eleventh Amendment bars claims for damages against the PSP, a state agency that did not waive its sovereign immunity." Atkin v. Johnson, 432 Fed.Appx. 47, 48 (3d Cir. 2011) (citing 71 P.S. §§61, 732–102; Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009)). Thus, Plaintiff's remaining claims are contained in Counts I and III of her amended complaint against Defendant Aigeldinger.

---

Hon. X, 661 Fed.Appx. 179, 182 (3d Cir. 2016) (holding that request for declaration that defendant judge previously violated plaintiff's rights is "not a proper use of a declaratory judgment, which is meant to define the legal rights and obligations of the named parties in anticipation of future conduct, not to proclaim their liability for past actions.").

Plaintiff submitted a brief in opposition to Defendant Aigeldinger's motion to dismiss her amended complaint on March 23, 2021. (Doc. 33). Defendant Aigeldinger did not file a reply brief in support of his motion to dismiss and the time within which it was due has expired. Defendant Aigeldinger's motion to dismiss Plaintiff's amended complaint for failure to state a claim is now ripe for the court's disposition.

Accepting Plaintiff's allegations as true, the court will **GRANT IN PART** and **DENY IN PART** the motion. Specifically, the court will **GRANT** Defendant's motion to dismiss as to Count I to the extent that Defendant is sued in his official capacity, and the court will **DENY** Defendant's motion as to Count I to the extent that Defendant is sued in his individual capacity. Also, the court will **GRANT** Defendant's motion to dismiss as to the official oppression and threat of official act claims included in Count III, and **DENY** Defendant's motion to dismiss as to the false imprisonment claim in Count III, to the extent that Defendant is sued in his individual capacity. Further, the court will **GRANT** Defendant's motion to dismiss the false imprisonment claim in Count III, to the extent that Defendant is sued in his official capacity.

I. **BACKGROUND**

According to the amended complaint, Plaintiff is an adult African American female from Antioch, Tennessee, who on August 23, 2018 was employed as a truck driver for Schneider Trucking and was operating a tractor trailer on Interstate 81 North in Luzerne County, Pennsylvania. (Doc.

4

15, ¶¶ 3, 14-15). On that day, Plaintiff was stopped at a rest area in Dorrance Township, PA, to undergo a motor carrier inspection by the Commonwealth of Pennsylvania. (Id., ¶ 16). At the rest stop, Defendant Aigeldinger, a uniformed PSP Motor Carrier Enforcement Officer, approached Plaintiff and asked her if she was ready for a truck inspection. (Id., ¶ 18). Defendant then made sexually explicit remarks to Plaintiff and implied that he would provide a good inspection report if Plaintiff performed oral sex on him. (Id., ¶¶ 19-22). After completing the report, Defendant entered the cab of Plaintiff's truck, unzipped his pants, and forced Plaintiff to climb into the cab and perform oral sex on him. (Id., ¶ 24).

Plaintiff also alleges that Defendant's actions were motivated by her race and gender, and that the acts constituted official oppression, threat of an official act, and false arrest. (Doc. 15, ¶'s 27-28, 31-33).

After the incident, Plaintiff reported Defendant's conduct to law enforcement officials, and Defendant was arrested and charged with, and plead guilty to, threat of an official act, (18 Pa. C.S.A. §2906(a)(4)), and official oppression, (18 Pa. C.S.A. 5301(1)). (Id., ¶¶ 24-25). Defendant was sentenced to 24 months in the Luzerne County Accelerated Rehabilitation Program and ordered to perform 60 hours of community service. (Id., ¶ 25). Plaintiff asserts that during the relevant time period, Defendant was acting in his official capacity as a PSP Officer. (Id., ¶ 60).

5

## II. STANDARDS OF REVIEW

Defendant's motion to dismiss with respect to Count I is brought pursuant to Fed.R.Civ.P. 12(b)(1). The court can dismiss claims brought under 42 U.S.C. §1983 against the PSP and a PSP trooper, "to the extent he was acting in his official capacity—for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that they were immune from suit under the Eleventh Amendment." Atkin v. Johnson, 432 Fed.Appx. 47, 48 (3d Cir. 2011). The Eleventh Amendment bars claims for damages against a PSP Trooper "[t]o the extent [he] [is] sued in his official capacity, [and] he too [is] immune from suit [under the Eleventh Amendment]." (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989). "Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. §1983, the federal law under which [plaintiff] proceeds." Id. (citing Quern v. Jordan, 440 U.S. 332, 345, 99 S.Ct. 1139 (1979)).

Defendant's motion to dismiss is also brought pursuant to Fed.R.Civ.P. 12(b)(6), which provides for the dismissal of a claim, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. A defendant moving to dismiss bears the burden of showing the plaintiff's failure to state a claim. Lesher v. Zimmerman, 822 Fed.Appx.116, 119 (3d. Cir. 2020) (citing Hedges v. U.S., 303 F.3d 744, 750 (3d Cir. 2005)). Dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on

its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Legal conclusions, unlike factual allegations, are disregarded. Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016).

The facts alleged must be sufficient to "raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, a requirement that "calls for enough facts[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. at 555). Finally, at this stage, courts "accept all factual allegations as true," and "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. at 233.

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record, in addition "undisputedly authentic documents" if they form part of the claims' basis. Hartig Drug Co. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2016). Other parts of the record are generally not considered. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3rd Cir. 1994).

## III. DISCUSSION

Initially, the court has jurisdiction over Plaintiff's constitutional claims under §1983 pursuant to 28 U.S.C. §§1331 and 1342. The court can exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367. Venue is proper in this district since the alleged unlawful conduct occurred here and Defendant is located here. 28 U.S.C. §1391.

### 1. Count I, §1983 Claims

Under Section 1983, one who deprives others within U.S. jurisdiction of federal constitutional or statutory rights "under color of any statute, ordinance, regulation, custom, or usage" of a state is subject to liability. 42 U.S.C. §1983; Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005). For purposes of Section 1983, the term "under color of [law]" is construed to also mean "state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). A plaintiff thus seeking to "hold an individual liable under §1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." Id. (citing Benn v. Universal Health Sys., 371 F.3d 165, 169-70 (3d Cir. 2004)).

Defendant argues that Plaintiff's §1983 claims in Count I are barred by Eleventh Amendment immunity since Plaintiff only sues him in is official capacity. He thus seeks dismissal of Count I under Fed.R.Civ.P. 12(b)(1) arguing that the court lacks subject matter jurisdiction over the federal claims against him since they are barred by sovereign immunity under the Eleventh Amendment. The Eleventh Amendment shields state governments and their subsidiaries from suit in federal court. U.S. CONST. amend. XI; Lombardo v.

8

Pa. Dep't of Pub. Welfare, 540 F.3d 190, 194 (3d Cir. 2008) (citing Hans v. Louisiana, 134 U.S. 1 (1890) ("[T]he Supreme Court extended the Eleventh Amendment's reach to suits by *in-state* plaintiffs, thus barring all suits against non-consenting States in federal court."). "Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)). See also Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'").

In determining whether a defendant was sued in their official or individual capacity, courts first look to the complaint and the "course of proceedings." Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd* 502 U.S. 21 (1991). The fact that a public official acted under the color of law does not automatically yield the conclusion that he was sued in his official capacity. Id. at 636. Indeed, the distinction between an official-capacity suit and a personal-capacity suit turns not on the capacity in which the state officer acted, but on the capacity in which the officer was sued. Hafer v. Melo, 502 U.S. 21, 27 (1991).

For a suit to be brought against a state officer in his official capacity, a state "policy or custom must have played a part in the violation of federal law." Hafer, 502 U.S. at 25 (1991). Therefore, a "plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or

9

custom" suggests that the defendant is sued in their individual capacity. Stief v. Robeson Twp., 2021 WL2137588, at *5 (E.D. Pa. 2021) (quoting Jones v. Culinary Manager II, 30 F.Supp.2d 491, 496 (E.D. Pa. 1998)). In addition, a request for punitive damages is indicative of an individual capacity suit, see Ellis v. Horn, 37 Fed.Appx. 38, 39 (3d Cir. 2002) (citing Gregory v. Chechi, 843 F.2d 111, 119-20 (3d Cir. 1988)), because state officials may not be sued for punitive damages in their official capacities. Keller v. Crawford, 465 F.Supp.3d 472, 485 (E.D. Pa. 2020) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 263 (1981)). A defendant's assertion of a personal immunity defense, too, tends to demonstrate that the suit was an individual capacity one. Stief, 2021 WL2137588 at *5; see also Melo, 912 F.2d at 636 ("It appears that [the defendant] understood that plaintiffs sought to sue her in her personal capacity because she raised a defense of qualified immunity throughout the course of these proceedings, a defense available only for governmental officials when they are sued in their personal, and not in their official, capacity.").

To support his Eleventh Amendment defense, Defendant relies on the amended complaint's assertions that "[a]t all times material and relevant," he acted "within the course and scope of his employment" and "in his official capacity." (Doc. 15, ¶¶ 7-8, 37, 49, 60, 61). In response, Plaintiff argues that those assertions serve only to satisfy the prerequisite for a §1983 claim—that Defendant was acting under the color of law—and do not prove that Defendant was acting within the scope of his employment as necessary to

qualify for immunity. Acting within the scope of one's employment, however, is a requirement for Pennsylvania sovereign immunity, 1 Pa.C.S.A. §2310, which "applies to Commonwealth employees in both their official and individual capacities," <u>Larsen v. State Emp.'s Ret. Sys.</u>, 553 F.Supp.2d 403, 420 (M.D. Pa. 2008), not Eleventh Amendment Immunity. <u>See Id</u>. at 411, 420. By arguing this issue, Plaintiff begs the question of whether Defendant was sued in his official or individual capacity.

As previously noted, the amended complaint states that Defendant acted in his "official capacity" during the relevant period. (Doc. 15, ¶ 60-61). It also describes Defendant as one of the "workmen, agents, and/or employees" of the Commonwealth and the Pennsylvania State Police. (Doc. 15 ¶ 9). On the other hand, the amended complaint asserts that Defendant acted "individually and in concert with others", first identifies him as an "adult and competent individual" and provides his home address, suggesting an individual-capacity suit. (Doc. 15, ¶¶ 5, 47-48). Another factor indicating that Defendant is sued in his individual capacity is Plaintiff's request for punitive damages. (Doc. ¶ 2).

Weighing in favor of an official-capacity suit are the facts that the amended complaint alleges Defendant Aigeldinger acted "in furtherance" of Pennsylvania's and the PSP's "customs, policies, and interests," (Doc. 15 ¶ 49), and names Pennsylvania and the PSP as co-defendants. Moreover, Plaintiff's Count III state law claims seek to assign liability to the Commonwealth Defendants for the conduct of Defendant Aigeldinger;

11

imputing Aigeldinger's conduct to his employers suggests that he is sued in his official capacity. Finally, Defendant's only immunity defense is an Eleventh Amendment one, which is not available to a state official sued in his individual capacity.

The relevant factors here do not yield a clear result: both an individual-capacity suit and an official capacity suit are reasonably read from the amended complaint and the course of proceedings. In similar circumstances, where plaintiffs sought punitive damages and other facts supported either side of the distinction, courts in this circuit have held at the motion to dismiss stage that defendants were sued in both capacities. See, e.g., Thorpe v. Upper Makefield Twp., 2015 WL6810837, at *5 (E.D. Pa. 2015); Moore v. Cuttre, 2010 WL2557682, at *3 (D. N.J. 2010). Likewise, accepting the allegations in the amended complaint as true, the court concludes that Defendant is sued in both his individual and official capacity. The court finds that Defendant is not sued only in his official capacity as he argues. As such, Plaintiff's federal claims against Defendant Aigeldinger in his official capacity will be dismissed, see Kentucky v. Graham, 473 U.S. at 166 ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"), but the claims in Count I against this Defendant in his individual capacity are not barred by the Eleventh Amendment and will proceed.[2]

---

[2]The court notes that Defendant Aigeldinger does not move to dismiss Count I of plaintiff's amended complaint against him, to the extent it is deemed as suing him in is individual capacity, under Rule 12(b)(6) for failure

### 2. Count III, State Law Claims

In Count III of her amended complaint, Plaintiff asserts state law claims of official oppression, threat of an official act, and false imprisonment. (Doc. 15, ¶'s 63-65). These first two claims mirror the Pennsylvania criminal statutes, 18 Pa.C.S.A. §5301(1) (official oppression) (M2) and §2906(a)(4) (coercion/threat of official act) (M2), which Defendant was charged with violating for his actions taken against Plaintiff.[3] Plaintiff also alleges that on March 11, 2019, Defendant Aigeldinger "plead (sic) guilty to both charges" and, as a result, was sentenced to 24 months in the Luzerne County Accelerated Rehabilitative Disposition ("ARD") Program and was ordered to perform 60 hours of community service. (Doc. 15, ¶'s 25-26).

Defendant argues that Plaintiff's state law claims of official oppression and threat of an official act must be dismissed under Rule 12(b)(6) for failure to state a claim since they are not civil causes of action. Defendant states that the criminal charges against him were "resolved without any admission

---

to state a claim. In any event, Plaintiff plausibly states federal claims against Defendant Aigeldinger in Count I and they shall proceed.

[3]The court takes judicial notice of the state court Criminal Dockets in Defendant Aigeldinger's case, Numbers: MJ-11306 -CR-0000136-2018 and MJ-11304 -CR-0000251-2018. https://ujsportal.pacourts.us/CaseSearch.

of guilt" since he entered the ARD program, (Doc. 29 at 10), despite Plaintiff's allegation that he pled guilty to the charges.

Plaintiff misstates the ARD program and Defendant did not plead guilty to the criminal charges. As the PA Commonwealth Court in <u>Reading Area Water Auth. v. Unemployment Comp. Bd. of Review</u>, 137 A.3d 658, n. 5 (Pa. Comwlth. 2016), noted:

> Acceptance into an ARD program requires neither an admission nor a denial of guilt. Rather, in accordance with Pa.R.Crim.P. 315, when a defendant is accepted into an ARD program, all proceedings on the charges are deferred until the program has been completed. Moreover, Pa.R.Crim.P. 319 and 320 provide that upon successful completion of an ARD program, the charges against the defendant are dismissed and the defendant's arrest record is expunged.

Thus, since it appears from the Criminal Dockets that Defendant successfully completed the 24 months of probation, the criminal charges against him were expunged.

Although Plaintiff argues that she is entitled to raise common law claims against Defendant for his conduct that gave rise to the criminal charges, official oppression and criminal coercion (threat of an official act) [4]

---

[4] 18 Pa. C.S.A. §2906(a)(4) subjects to criminal liability any person who "with intent unlawfully to restrict freedom of action of another to the detriment of the other… threatens to… take or withhold action as an official, or cause an official to take or withhold action." The court finds that Plaintiff's "threat of an official act" claim is equivalent to the criminal coercion statute.

14

have been rejected as bases for civil liability. Wilson v. Marrow, 917 A.2d 357, 365 n. 9 (Pa. Comwlth. Ct. 2007) (""[O]fficial oppression is a state criminal offense. Pennsylvania's official oppression statute does not give rise to a private cause of action."); Filby v. Colebrookdale Twp. 2018 WL 5533989, *3 (Pa. Comwlth. 2018); Simpson v. City of Coatesville, 2015 WL7251546, at *5-6 (E.D. Pa. 2015) (holding that the Pennsylvania criminal coercion statute does not provide for a private cause of action); Booze v. Wetzel, 2017 WL 2991801, *11 (M.D. Pa. May 25, 2017) (holding that "[plaintiff's] claims for criminal coercion and official oppression fail as a matter of law since criminal statutes do not generally give rise to civil liability.").

Therefore, the court finds that Plaintiff has failed to state cognizable claims of official oppression and criminal coercion (threat of an official act) against Defendant.

False imprisonment, by contrast, is recognized as a common law tort. Gagilardi v. Lynn, 285 A.2d 109, 111 (Pa. 1971).[5] Defendant contends that Plaintiff's false imprisonment claim should be dismissed since he is entitled to Eleventh Amendment immunity.

---

[5] A prima facie claim of false imprisonment under state law requires showing "(1) the detention of another person (2) that is unlawful." Braswell v. Wollard, 243 A.3d 973, 979-80 (Pa. Super. Ct. 2020) (citing Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994)).

The court in Justice v. Lombardo, 239 A.3d 1142, 2020 WL 4590537, *5 (Pa. Comwlth. 2020), explained:

> Pennsylvania law affords sovereign immunity to "[t]he Commonwealth, and its officials and employees acting within the scope of their duties." 1 Pa. C.S. § 2310. Pursuant to Section 8521 of the Judicial Code, 42 Pa. C.S. §8521, "[a]n employee of the Commonwealth (such as [a PSP trooper]), *acting within the scope of his employment or duties*, is protected from the imposition of liability for intentional tort claims by sovereign immunity." Holt v. Nw. Pa. Training P'ship Consortium, Inc., 694 A.2d 1134, 1140 (Pa. Cmwlth. 1997) (emphasis added). Further, "willful misconduct does not vitiate a Commonwealth employee's immunity because sovereign immunity protects a Commonwealth employee *acting within the scope of his or her employment* from liability, even for intentional acts which cause emotional distress." Holt, 694 A.2d at 1140 (emphasis added). Whether a person acted within the scope of employment is ordinarily a question for the jury. Orr v. William J. Burns Int'l Detective Agency, 12 A.2d 25, 27 (Pa. 1940).

The court has found that Defendant is only entitled to Eleventh Amendment immunity for claims against him in his official capacity. Thus, to the extent that Plaintiff's false imprisonment claim is raised against Defendant in his official capacity, it will be dismissed. However, as discussed above, insofar as Defendant is sued in his individual capacity, at this stage of the case, he is not protected by Eleventh Amendment immunity with respect to Plaintiff's state law false imprisonment claim since Plaintiff has sufficiently alleged that Defendant was not acting within the scope of his employment or duties. As Plaintiff points out, (Doc. 33 at 10), her amended

complaint alleges that "the Defendant unlawfully detained her in the cab of her truck when he forced her into the cab and sexually assaulted her."

Defendant also notes that he was not criminally charged with the false imprisonment of Plaintiff, leaving the court to infer that he intends this lack of a corresponding criminal charge to serve as a defense to Plaintiff's tort claim. However, because the court knows of no rule that a false imprisonment tort claim be coupled with a criminal charge, and because Defendant does not offer one, this defense fails. As Defendant presents no other arguments for dismissing Plaintiff's false imprisonment claim, the court will allow this claim to proceed against him in his individual capacity.

Therefore, Plaintiff's official oppression and threat of official act claims in Count III will be dismissed, while her state law false imprisonment claim will be allowed to proceed to the extent that she sues Defendant in his individual capacity.

## IV. CONCLUSION

Defendant Aigeldinger's motion to dismiss, (Doc. 28), Plaintiff's amended complaint, (Doc. 15), will be **GRANTED IN PART** and, **DENIED IN**

**PART**, as specified above. Plaintiff's claim for declaratory relief will be **DISMISSED**. An appropriate Order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 16, 2021**
20-657-01